IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIKELL MCCALL, | ) | CASE NO. 1:17 CV 1678 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MARK HOOKS, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Mikell McCall for a writ of habeas corpus under 28 U.S.C. § 2254.[2] McCall was convicted by the Cuyahoga County Court of Common Pleas in 2016 of substantial impairment rape, sexual battery, and kidnapping[3] and is serving 19 years.  He is currently incarcerated at the Toledo Correctional Institution in Toledo, Ohio.

McCall raises three grounds for habeas relief.[4]  The State has filed a return of the writ arguing that the petition should be procedurally defaulted as McCall first failed to raise these grounds on direct appeal to the Ohio Court of Appeals and second failed to file a timely

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge James G. Carr by non-document order dated September 29, 2017.

[2] ECF No. 1.

[3] ECF No. 12, Attachment 2 at 79-80.

[4] ECF No. 1.

appeal with the Ohio Supreme Court.[5]  McCall has filed a traverse,[6] an amended traverse[7] and yet another traverse.[8]

For the reasons that follow, I will recommend McCall's petition be dismissed.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[9]  In September 2015, McCall was indicted on multiple counts of rape, kidnapping, and sexual battery stemming from eight incidents that allegedly occurred over the course of two weeks in July 2015 and involved a 14 year old victim.[10]  McCall waived his right to a jury trial.[11] Following a bench trial, the trial court granted McCall's Crim. R. 29 motion as to all rape counts that alleged force or threat of force and rape counts related to two of four incidents

---

[5] ECF No. 12.

[6] ECF No. 13.

[7] ECF No. 14.

[8] ECF No. 15. The amended traverse and the second traverse both seek to add additional material to the record such as an affidavit as to his untimely filing with the Oho Supreme Court and copies of his appellate brief. As will become clear, the untimely filing with the Supreme Court of Ohio will not be decisive here and the appellate brief was already part of the record.

[9]  Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[10] ECF No. 12, Attachment 2 at 79.

[11] *Id.*

that alleged cunnilingus.[12]  The trial court found McCall guilty of all remaining counts.[13]

Following the merger of all incident-related counts, McCall received a 19 year sentence.[14]

## B.     Direct Appeal

### 1.     *Ohio Court of Appeals*

McCall filed a timely[15] notice of appeal[16] with the Ohio Court of Appeals.  In his brief,

McCall raised two assignments of error:

- •     Mikel McCall's convictions related to the two instances of alleged cunnilingus are not supported by legally sufficient evidence.

- •     Mikel McCall's convictions are against the manifest weight of the evidence.[17]

The state filed a brief in response.[18]  The Ohio appeals court overruled both

assignments of error and affirmed the decision of the trial court.[19]

### 2.     *The Supreme Court of Ohio*

---

[12] *Id.*

[13] *Id.* at 79-80.

[14] *Id.* at 80.

[15] McCall's conviction and sentence were journalized on April 20, 2016 (*id.* at 32-34) and the notice of appeal was filed on May 16, 2016.  *Id.* at 39.

[16] *Id.* at 39.

[17] *Id.* at 47.

[18] *Id.* at 67.

[19] *Id.* at 82, 85.

McCall, *pro se*, thereupon filed an untimely[20] notice of appeal and a motion for delayed appeal with the Ohio Supreme Court.[21]  In his brief in support of his motion, he claimed he tried to file a notice of appeal on February 22, 2017, but it was rejected because he failed to attach a complete date-stamped copy of the appeals court's judgment entry as required.[22]  On June 21, 2017, the Ohio Supreme Court denied McCall's motion to file a delayed appeal.[23]

## C.    Petition for writ of habeas corpus

On August 10, 2017, McCall, *pro se*, timely filed[24] a federal petition for habeas relief.[25]  As noted above, he raises three grounds for relief:

> **GROUND 1:**     The trial court violated my right to a speedy trial.
>
> **GROUND 2:**     The trial court violated my right constitutional right to face my accuser (ex-girlfriend).
>
> **Supporting Facts:**  The prosecution used mailed letters to my ex- girlfriend

---

[20] *Id.* at 86.

[21] *Id.* at 88.

[22] *Id.* at 89.

[23] *Id.* at 100.

[24]   The present petition for federal habeas relief was filed on August 10, 2017, although McCall represents he mailed the petition on August 3, 2017.  ECF # 4. As such, it was filed within one year of the conclusion of McCall's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[25] ECF # 4.

as exhibits to convict me. I never had a chance to cross-exam [sic] my ex-girlfriend in trial regarding times and dates of the letters.

**GROUND 3:**     My trial attorney was ineffective.[26]

## Analysis

**A.     Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.     There is no dispute that McCall is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition.  Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[27]

2.     There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[28]

3.     In addition, McCall states,[29] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[30]

4.     Finally, McCall has not requested the appointment of counsel,[31] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[32]

---

[26] *Id*. at 4-6.

[27] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[28] 28 U.S.C. § 2254(d)(1);  *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[29] *See* ECF # 4 at 2.

[30] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[31] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[32] 28 U.S.C. § 2254(e)(2).

**B.      Standard of review**

*1.      Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[33]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

    (1)      Does a state procedural rule exist that applies to the petitioner's claim?

    (2)      Did the petitioner fail to comply with that rule?

    (3)      Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

    (4)      Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[34]

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[35]

---

[33] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[34] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[35] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

-6-

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[36] In addition, a showing of actual innocence may also excuse a procedural default.[37]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[38] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[39] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[40]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[41] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated

---

[36] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[37] *Id.*

[38] *Id.* at 753.

[39] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[40] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[41] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[42]

## C.    Application of standard

The State argues that all three grounds for federal habeas relief are procedurally defaulted first because McCall did not raise them to the Ohio appeals court on direct review and further because McCall never appealed to the Ohio Supreme Court after his direct appeal was denied by the Ohio appeals court.[43] McCall, in his traverse, argues that the reason he did not raise any of the three current federal habeas grounds on direct appeal was that his appellate counsel never got his agreement as to what grounds to raise on appeal.[44]

It is well-settled that a federal habeas petitioner must fairly present all his federal claims to the state courts through one round of the state's established review procedure.[45] If the petitioner fails to do so, or if the petitioner commits some other act that precludes review of the claims by the state court, the federal claims are procedurally defaulted.[46] As noted above, a petitioner may overcome a procedural default by a showing of cause and prejudice.

Here, McCall does not directly acknowledge that he has procedurally defaulted all three of his federal habeas claims by never presenting them to the Ohio courts. Rather, as

---

[42] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[43] ECF No. 12 at 5.

[44] ECF No.

[45] *O'Sullivan v. Boerkel*, 526 U.S. 838, 848 (1999).

[46] *Harris v. Reed*, 489 U.S. 255, 260-62 (1989).

noted, he asserts that the reason he did not raise the federal claims in his state court direct appeal is because of ineffective assistance of appellate counsel.

While ineffective assistance of counsel can serve to provide cause for a procedural default,[47] it can only do so if such claim has already been presented to the Ohio courts as an independent claim.[48]In Ohio, a motion to reopen the appeal under Rule 26(B) of the Ohio Rules of Appellate Procedure is the means by which a litigant may raise a collateral claim of ineffective assistance of appellate counsel.[49]Here, McCall filed no such motion and so the Ohio courts have never been presented with any claim of ineffective assistance of apellate counsel. Accordingly, McCall cannot use ineffective assistance of appellate counsel to excuse this procedural default.

I also note that in addition to failing to excuse the procedural default on the basis of ineffective assistance of counsel McCall has made no showing of actual innocence.[50]

## Conclusion

For the foregoing reasons, I recommend that the petition of Mikell McCall for a writ of habeas corpus be dismissed.

---

[47] *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

[48] *Smith,* 463 F.3d at 436.

[49] *Lopez v. Wilson,* 426 F.3d 339, 349 (6th Cir. 2005).

[50] Procedural default may be excused by a showing of actual innocence. *Murray v. Carrier,* 477 U.S. 478, 496 (1986).

Dated: July 27, 2020          <u>s/ William H. Baughman, Jr.</u>
United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[51]

---

[51] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).